LOUIS POTTERS, RELATOR, v. ELMER L. MOORE, BUILD-ING INSPECTOR, ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Stamler & Koestler*.

For the respondents, *Berkeley C. Austin*.

PER CURIAM.

This is a zoning case. It is before this court on a rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued out of this court directing the building inspector of the township of Cranford, in the county of Union and the township of Cranford to grant to the relator a building permit. The facts are stipulated. From these

facts it appears that the relator is the owner of certain lands in the township of Cranford located on the corner of Burnside avenue and Marsh street. The relator applied in due form to the building inspector of the township of Cranford for a permit to construct three stores upon his property and tendered the proper fees for said permit. Plans and specifications complying with the building code were submitted to the building inspector. The practice in the township of Cranford with reference to building permits is that the building inspector turns over the applications to the township committee. If these applications violated the zoning ordinance which has been enacted by the township the matter is referred to a board of zoning adjustments to investigate and report back to the township committee its recommendation. The board appears to act in an advisory capacity. Because the proposed building was to be erected in a district in which commercial pursuits were not permitted the board of adjustment considered the application and referred the matter back to the township committee. The township committee then declined to grant the permit for the sole reason that the construction of said building would violate the zoning ordinance of the township of Cranford. An application for a rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued was then made and allowed.

In the recent case of Koplin *v.* Village of South Orange et al., the constitutional amendment with reference in zoning, which was approved and ratified by the voters of this state on September 20th, 1927, and took effect on October 18th, 1927, and the statute enacted by the legislature pursuant to the power conferred by the constitutional amendment, known as chapter 274 of the laws of 1928, were considered. A reference to this case will give fully the reasons for the decision which we have arrived at in the present case, which is to the effect that the rule to show cause should be discharged. The power to issue a writ of *mandamus* is a discretionary one. We feel it would be an abuse of power for this court to direct a municipality to grant a permit for the erection of a building the existence of which, if erected, has already been declared by legal authority to be improper.

If the relators desire to review the action of this court they are hereby given permission to enter a rule allowing and directing the molding of the pleadings to that end.

The rule to show cause is discharged and the writ of *mandamus* denied accordingly.